VILLANTI, Judge.
Stephen Berube raises two issues on appeal from his judgment and sentence for robbery with a weapon. We find merit only in his argument that he was illegally sentenced as a prison releasee reoffender (PRR) and reverse for the trial court to strike his PRR sentence.
Wearing underwear on his head as a disguise, Berube rode his bicycle to the Totally Convenient Food Mart where he used a pellet gun to rob the store. Notwithstanding, a jury of his peers saw through this disguise and convicted him. Fortuitously for Berube, however, this caper occurred on September 2, 2002, three years and one day after he was released from prison on September 1, 1999. The State argued, and the trial court believed, that the crime was committed within three years of Berube’s prison release date, thus exposing him to a PRR sentence under section 775.082(9)(a)(l), Florida Statutes (2002). The State contended that the proper day to begin counting the time between Berube’s release and the crime was the day after Berube was released, or September 2, 1999. However, even if the clock started ticking for Berube on September 2, 1999, it would have stopped on September 1, 2002. This is so because, to the nanosecond, a complete year expires at the exact moment before its anniversary, never after.
Apparently in anticipation that the PRR sentence might not survive appellate review, the trial court covered all of its bases by sentencing Berube to a thirty-one year habitual offender sentence concurrent to his thirty-year PRR sentence. Thus on remand the trial court has only to strike the PRR sentence.
Reversed and remanded with instructions that the trial court strike the PRR sentence.
WHATLEY and NORTHCUTT, JJ„ Concur.